```
            IN THE UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF ARKANSAS
                     PINE BLUFF DIVISION


CRAIG HILLARD                                          PETITIONER


vs.              Civil Case No. 5:08CV00257 HLJ


LARRY NORRIS, Director,
Arkansas Department of Correction                      RESPONDENT
```

## PROPOSED FINDINGS AND RECOMMENDATIONS
## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge William R. Wilson, Jr.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

    1.  Why the record made before the Magistrate Judge is inadequate.

    2.  Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

    3.  The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite A149
    Little Rock, AR 72201-3325

## DISPOSITION

Now before the court is Respondent's Motion to Dismiss this petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner Craig Hillard, is an inmate of the Arkansas Department of Correction.  He was convicted by a jury in 1993 of two counts of capital murder, and he was sentenced to two terms of life imprisonment without parole.  The Arkansas Supreme Court affirmed his convictions on June 12, 2005.  <u>Hillard v. State</u>, 321 Ark. 39 (1995).  He did not seek post-conviction relief, but he filed two

motions, one in 2000 and one in 2005, seeking a copy of the trial transcript, both of which were denied (DE #6, Respondent's Exhibit B). In the order denying the second motion, the Arkansas Supreme Court indicated Petitioner filed a third motion, which they viewed as another attempt to obtain a transcript, and which they denied in 2001.

Petitioner raises the following grounds for relief in this proceeding:

    1. He was denied the effective assistance of counsel at trial and on direct appeal;

    2. He was denied procedural due process, equal protection and a fundamentally fair trial;

    3. He was denied the effective assistance of counsel during suppression proceedings and

    4. The totality of the circumstances supports the issuance of the writ of habeas corpus.

Respondent admits Petitioner is in his custody pursuant to these convictions and that he has no available state remedies, but he contends the petition should be dismissed because it is untimely and because the claims are procedurally barred.

Section 2244(d)(1) establishes a one-year limitations period for filing federal habeas corpus petitions under 28 U.S.C. § 2254. The relevant triggering date in the present case is "the date on which the judgment became final by the conclusion of direct review

or the expiration of the time for seeking such review."[1] 28 U.S.C. § 2244(d)(1)(A). Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir. 1998), cert. denied, 525 U.S. 1187 (1999). "Direct review" includes review by the United States Supreme Court. Smith v. Bowersox, 159 F.3d 345, 347-48 (8th Cir. 1998), cert. denied, 525 U.S. 1187 (1999). Thus, a state court judgment becomes final under § 2244(d)(1)(A) upon the denial of certiorari or the expiration of the ninety days allowed for filing such a petition. Nichols v. Bowersox, 172 F.3d 1068, 1072 (8th Cir. 1999)(en banc).

Petitioner's convictions became final ninety days after the Arkansas Supreme Court issued its opinion on June 12, 2005. He admits he did not file his federal habeas petition within the one year time limit, but he contends to ignore the issues he has raised would be a "travesty of justice." He also asserts trial counsel led him to "believe federal post conviction litigation was automatic for those convicted of a capital offense," and he believed counsel had filed a timely federal habeas petition. He further asserts he is innocent.

As Petitioner recognizes, he is not entitled to statutory tolling. However, a court may apply equitable tolling to a limitations period where a petitioner has established "two elements: (1) that he has been pursuing his rights diligently, and

---

[1] Petitioner does not argue that any other provisions of the statute apply.

(2) that some extraordinary circumstance stood in his way." <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418. "[E]quitable tolling is appropriate only in rare cases," <u>Von Eye v. U.S.</u>, 92 F.3d 681, 684 (8th Cir. 1996), "when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.'" <u>Miller v. New Jersey State Dep't. Of Corrections</u>, 145 F.3d 616, 618 (3rd Cir. 1998). Even if counsel misled Petitioner, he cannot show he has acted diligently in waiting thirteen years to confirm whether a petition in his name was ever filed in federal court.

In addition, ineffective assistance of counsel ordinarily does not entitle a petitioner to equitable tolling, <u>Walker v. Norris</u>, 436 F.3d 1026 (8th Cir. 2006), although egregious attorney misconduct may. <u>See</u> <u>U.S. v. Martin</u>, 408 F.3d 1089, 1093-95 (8th Cir. 2005)(finding counsel's conduct egregious where he advised petitioner there was no deadline, consistently lied about the filing deadline; repeatedly lied about the status of his case; refused to communicate with him or his family; neglected to file any documents, belated or not, on his behalf and failed to return any of his paperwork to him despite repeated requests and then demands). Petitioner has not alleged such egregious circumstances.

Petitioner also contends his actual innocence should excuse his late filing. "Actual innocence" may equitably toll the statute only where some action or inaction by the state prevented petitioner from discovering the relevant facts that establish his

actual innocence in a timely fashion, or, at the very least, that a reasonably diligent petitioner could not have discovered these facts in time to file a petition within the time limitation. <u>Flanders v. Graves</u>, 299 F.3d 974 (8th Cir. 2002). Petitioner has not met this burden. I find the petition is untimely and may not be considered. There is no need to address Respondent's argument that the issues in the petition are procedurally barred.

IT IS THEREFORE ORDERED that this petition be, and it is hereby, dismissed with prejudice. The relief prayed for is denied.

SO ORDERED this 20th day of November, 2008.

_Henry L. Jones, Jr._
United States Magistrate Judge